824

LOUIS D. MORENA, Respondent, v. SAM L. MERCER et al., Defendants; BOB DAVIS, Appellant.

George R. Kirk for Appellant.

Whitelaw, Whitelaw & Yeager for Respondent.

MUSSELL, J.—This is an action for damages for wrongful eviction.  The defendant Bob Davis, owner of a café in Niland, California, on August 13, 1946, orally leased the premises to plaintiff on a week to week basis at an agreed weekly rental of $17.50.  Plaintiff paid the required rental to and including the last payment made on November 13, 1946.  On November 12, 1946, defendant notified plaintiff that he desired possession of the café on or before November 15, 1946.  The refusal of plaintiff to vacate resulted in his eviction from the café by defendant who locked the doors and took possession of plaintiff's stock in trade.  Plaintiff received no notice terminating the tenancy and on November 27, 1946, filed this action alleging damages in the sum of $154.50 for loss of foodstuffs and other personal property taken by defendant, and further damages for loss of profits in the sum of $92.50 per week from November 15, 1946, to date of entry of judgment.

The trial court gave judgment for the special damage in the sum of $154.50, and $1,775.14, loss of profits.. From the latter amount a deduction of $700 was made for the earnings of plaintiff in other employment. A motion for a new trial was made and granted by the court for the purpose of receiving and considering evidence concerning the reasonable value of the services of plaintiff during the time he was operating the business.

Plaintiff and his wife operated the café. She did the cooking and he waited on tables, bought the supplies and performed the other necessary work in the management and conduct of the business. At the second trial evidence was introduced upon which the court found that the reasonable value of the services of plaintiff, together with the reasonable value of meals withdrawn from the business by plaintiff and his wife from November 15, 1946, to April 2, 1947, amounted to $1,362.20. This amount was deducted from the $1,775.14, which had been awarded for loss of profits, and an amended judgment was entered in favor of plaintiff for $154.50 for loss of goods, and the further sum of $412.94 damages for loss of profits after deducting the value of plaintiff's services and the value of meals furnished plaintiff and his wife.

Defendant appeals from the amended judgment and argues that the trial court should have deducted the reasonable value of the services of plaintiff's wife as cook in determining the amount of net profit of the business. In order to ascertain the net profit, all sums expended in conducting the business are to be considered. (*McCready* v. *Bullis*, 59 Cal. App. 286, 292 [210 P. 638].) In *Landon* v. *Hill*, 136 Cal.App. 560 [29 P.2d 281], the court, in ascertaining the net profits of a bakery business operated principally by the plaintiff lessee through his own efforts, held that the value of plaintiff's labor formed no part of the lease, and that in order to determine the profits of the business done by plaintiff, the item of labor, whether performed by himself or others, must be taken into consideration. In the instant case the court properly deducted the reasonable value of plaintiff's services but should have also deducted the reasonable value of the services of his wife as cook. There was testimony that she worked many hours each week, and that a cook's wages were $1.25 an hour, or $10 to $12 for an eight-hour shift.

Defendant contends that plaintiff was entitled to recover for loss of profits for one week only as the landlord could have terminated the lease by giving proper notice. However, it is

not necessary to decide that question in view of what we have here said concerning the error in the computation of the net profits of the business.

The evidence supports the findings and judgment of the court as to the item of damage amounting to $154.50 and costs, and that portion of the judgment is affirmed. The portion of the judgment awarding $412.94, as found by the court for loss of profits, is reversed. Each party to pay his own costs on appeal.

Barnard, P. J., and Griffin, J., concurred.