[Civ. No. 22875.   First Dist., Div. Three.   Oct. 17, 1966.]

FRANK A. CARREY et al., Plaintiffs and Respondents, v. BOYES HOT SPRINGS RESORT, INC., et al., Defendants and Appellants.

Jerome R. Lewis and George B. Hendry for Defendants and Appellants.

Lounibos & Lounibos and John J. King, Jr., for Plaintiffs and Respondents.

SALSMAN, J.—Appellants, who were defendants in the trial court, appeal from a judgment in favor of respondents in the total sum of $6,243.47. Respondents claimed a wrongful eviction from premises let to them by appellants, and a conversion of their personal property. Appellants contend first that the trial court erred in failing to segregate the items of personal property found to have been converted and to fix the fair market value of each item, and second that the award of damages is not supported by substantial evidence. Finally

appellants urge that it was error on the part of the trial court to refuse to find separately on the issue of damages to be awarded for loss of profits and for loss of good will, after appellants had requested specific and separate findings on these issues. We have concluded that, excepting appellants' first contention, the other grounds of appeal have merit and compel reversal of the judgment.

The record discloses that for some years before their eviction, respondents had been tenants of appellants on a month-to-month tenancy. Respondents were given the right to bottle and sell mineral water from the premises, and for that purpose to use certain machinery and equipment belonging to appellants. Sales were made to the general public. Respondents had some 200 customers. They also had a distributorship in Martinez and one in San Francisco. In the conduct of their business, they purchased and used large numbers of bottles, bottle cases, ollas and five-gallon jugs, as well as bottling equipment and supplies.

On or about March 2, 1963 respondents were summarily evicted by appellants, and at the same time appellants took possession of the equipment, stock and supplies on the demised premises. It is not disputed that the eviction was sudden and wrongful. At the time of eviction there were many bottles, bottle cases, ollas, jugs, coolers and supplies on the premises where the business was conducted, but there was also much equipment "out in the trade," that is, in possession of respondents' customers. After eviction, appellants refused to permit respondents to return to the premises. Appellants took possession of all of respondents' equipment and supplies on the premises at the time of eviction, serviced respondents' customers, and collected some of respondents' accounts receivable.

After trial, the court found that: ". . . the value of the items of personal property owned by the plaintiffs and converted by the defendants was in the amount of $3743.47." Appellants requested a specific finding of the value of each item of property converted, and now contend that it was error on the part of the trial court to refuse that request. ■ This contention lacks merit. Of course, findings of fact must be definite and certain, so that a defeated party may show how or in what manner the findings made are unsupported by the evidence. (*Andrews* v. *Cunningham*, 105 Cal.App.2d 525, 528-529 [233 P.2d 563].) ■ But it is equally well settled that a trial court is not required to assess damages separately for

each item of loss. The court is required to find only the ultimate facts, not the evidentiary ones. (*Vogelsang* v. *Wolpert,* 227 Cal.App.2d 102, 125 [38 Cal.Rptr. 440], and cases cited.) Here there was evidence that appellants converted various items of respondents' personal property, and there was also evidence of the value of these items. The trial court did not break down or itemize the specific items of personal property converted and fix a value on each item, but did find the fact of conversion and fixed damages at $3,743.47. The trial court did not err when it refused to fix a value on each and every item of the converted property.

As we have seen, the trial court fixed the total value of the property converted at $3,743.47. Appellants contend that the evidence does not support this award, and we agree.

Respondents' evidence showed the total value of their personal property to be $4,945.82—$1,202.35 more than the court allowed in its judgment. Included in respondents' itemized list of property, however, were 250 ollas, 890 five-gallon jugs, 200 cases for five-gallon jugs and 20 metal water coolers. The total value of these items amounted to $3,271.76, which, deducted from respondents' total valuation of $4,945.82, leaves the value of all other property at $1,674.06. Since the court allowed $3,743.47 as damages, it follows that some portion of the damages allowed is represented by the value of the ollas, five-gallon jugs, jug cases and water coolers mentioned. But the difficulty here, and the fact that compels reversal of the judgment, is that an undisclosed number of the ollas, five-gallon jugs, jug cases and water coolers were "out in the trade," that is, in possession of respondents' customers at the time of respondents' eviction. We see no substantial evidence in the record that any of respondents' property that was "out in the trade" at the time of appellants' wrongful acts was in fact converted by appellants. ■ Conversion, of course, is simply the wrongful exercise of dominion over the personal property of another, in denial of the owner's rights. (*Gruber* v. *Pacific States Sav. & Loan Co.,* 13 Cal.2d 144, 148 [88 P.2d 137]; *Zaslow* v. *Korenert,* 29 Cal.2d 541, 549 [176 P.2d 1].) ■ To establish a conversion the owner must show an intention on the part of the wrongdoer to convert the owner's property, or to exercise some act of ownership over it, or to prevent the owner's taking possession of his property. (*Zaslow* v. *Kroenert, supra,* p. 550.) ■ Here there is no evidence that appellants attempted to exercise any dominion over any of respondents' property that was "out in the

trade,'' or did any act to prevent respondents from taking possession of such property. When respondent Frank Carrey was asked at trial why he did not repossess the personal property that was ''out in the trade'' he responded with the query: ''What would I use it for?'' He did not assert that he could not have repossessed such property had he wished to do so. Moreover, respondents made no effort to segregate those items of their personal property located on the business premises at the time of eviction, and clearly converted by appellants, from those items of property in possession of their customers and over which appellants attempted no dominion. It was their burden to make such a showing. (See *Austin* v. *Roberts,* 130 Cal.App. 328, 332 [20 P.2d 97].) ■ Since the court's award of damages includes an undetermined amount for property in the possession of respondents' customers and not converted by appellants, the judgment cannot stand.

■ There is also merit in appellants' contention that the court should have separately assessed damages for loss of profits and damages for loss of good will. Appellants requested specific findings and asked that the court find the amount of damages allowed for each of these items of loss. The trial court, however, lumped the two together and allowed a total of $2,500 as damages for both. Appellants now correctly argue that they cannot successfully attack this portion of the judgment on the ground that it is not supported by substantial evidence because they do not know the amount of damages allowed for either item. (See *Murphy-Cantrell Co., Inc.* v. *Mulcahy,* 72 Cal.App. 426, 432 [237 P. 557].) Of course, if we could say from the whole record that the sum of $2,500 in damages for either loss of profits or loss of good will was supported by substantial evidence we might properly reject appellants' claim of error. But we cannot do this. The finding concerning a loss of profits from respondents' business rests upon evidence that they derived an average annual profit of $1,772 from their operations. But their method of accounting is challenged by appellants, who point to the undisputed evidence that both respondents worked in the business, yet in computing average annual profit no allowance is made for the value of their services. ■ It is the general rule that, in calculating the net profit of a business all of the costs of producing the gross income should be deducted. Where, as here, a part of the cost consists of the value of personal services rendered to the business by its owners, this too must be taken into

account in arriving at net income. (See *Landon* v. *Hill*, 136 Cal.App. 560 [29 P.2d 281]; *Morena* v. *Mercer*, 92 Cal.App.2d 824 [208 P.2d 50].) Here, the allowance of but nominal compensation for the services of each of the respondents would leave little if any net profit. It may be that the court intended to allow only a nominal part of the $2,500 total as damages for loss of profits, but we cannot be certain from the finding actually made. All that appears is that some portion of the $2,500 damages allowed for both items is attributable to a loss of profits from respondents' business.

There is some evidence of loss of good will because of appellants' eviction of respondents from the business premises. One of respondents' former customers testified that after the eviction she had purchased mineral water from appellants, who stated that they had taken over respondents' business. Moreover, because of appellants' conduct, respondents lost the privilege of operating their business in Boyes Springs, and were denied the opportunity for a peaceful and orderly transfer of their business to another location. The good will of a business is property (Bus. & Prof. Code, § 14102) and one who wrongfully damages or destroys it is liable to its owner.

Good will has been defined as ". . . the expectation of continued public patronage." (Bus. & Prof. Code, § 14100; *Donleavey* v. *Johnston*, 24 Cal.App. 319 [141 P. 229].) Here respondents' business had continued for about eight years; they had developed some 200 customers and established two distributorships in different cities. There is nothing in the record to suggest that they did not possess an expectation of continued public patronage. The evidence supports the conclusion that appellants' wrongful conduct destroyed or damaged the good will of respondents' business. An award of damages in some amount is appropriate for this loss, but we cannot tell from the finding made what amount the court intended to or did allow for it, nor are we able to find that the entire award of $2,500 is supported by the evidence directed solely to the issue of damages for loss of good will. On retrial the court should separately assess damages for loss of profits from respondents' business, if found to have been suffered, and also separately assess damages for loss of good will.

The judgment is reversed.

Draper, P. J., and Devine, J., concurred.

A petition for a rehearing was denied November 16, 1966, and respondents' petition for a hearing by the Supreme Court was denied December 14, 1966.